UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**FRANKFORT**

| | |
|---|---|
| RHONDA FRANKLIN, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 3:04-13-JMH |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | )   **MEMORANDUM OPINION AND ORDER** |
| GREENHECK FAN CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

** ** ** ** ** ** ** ** **

Defendant Greenheck Fan Corporation ("Greenheck"), as the prevailing party in this matter, filed a bill of costs and requested that the Clerk tax as costs the total amount of $2,408.89 under Fed. R. Civ. P. 54(d)(1) [Record No. 54]. The Clerk then taxed the costs [Record No. 55]. Plaintiff Rhonda Franklin has filed objections to Greenheck's bill of costs [Record No. 56] and Greenheck has filed a response to Plaintiff's objections [Record No. 57]. Being sufficiently advised, the Court shall now take up this matter.

Rule 54(d)(1) states, "Except [when expressly provided by statute], costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). As a general matter, taxation of costs is governed by 28 U.S.C. § 1920. Section 1920 provides in pertinent part: "A judge or clerk of any court of the United States may tax

as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses . . . ." 28 U.S.C. § 1920. Although Rule 54(d) creates a presumption in favor of awarding costs, this Court retains limited discretion to deny costs to the prevailing party. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

Defendant has asked the Court to tax the costs it incurred in paying fees of the Clerk, fees of the court reporter, and fees for printing. To prevail in its objection to these costs, Plaintiff must demonstrate circumstances sufficient to overcome the presumption in favor of taxing these costs. *See id.* at 732. In her objection to Defendant's bill of costs, Plaintiff argues that the Court should deny litigation costs to Defendant because Plaintiff brought her complaint in good faith, she prosecuted her claims with all promptness and pursuant to the directions of the Court, and the case involved complex issues and issues of fact and law that were close and difficult. Plaintiff contends that awarding costs to Defendant could have a chilling effect on individuals pursuing their rights under those claims as set out in Plaintiff's complaint.

In sum, the Court concludes that Plaintiff's objections do not rebut the presumption in favor of taxing Defendant's costs. The

2

Court is not persuaded by Plaintiff's unsubstantiated concern that awarding costs to Defendant will have a chilling effect on individuals who elect to pursue similar claims in the future. *See Singleton v. Smith*, 241 F.3d 534, 538-39 (6th Cir. 2001). Plaintiff has not shown that the legal and factual issues in this case — a case that was disposed of by way of summary judgment — were complex or close and difficult to decide. *See Watkins & Son Pet Supplies v. Iams Co.*, 197 F. Supp. 2d 1030, 1036 (S.D. Ohio 2002). Finally, Plaintiff's assertion that she brought her complaint in good faith and acted with propriety in carrying out her case, without more, is insufficient to warrant denial of Defendant's costs. *See White & White*, 786 F.2d at 730.

Accordingly,

**IT IS ORDERED** that the Clerk's action in taxing as costs the amount of **$2,408.89** in favor of the Defendant [Record No. 55] be, and the same hereby is, **AFFIRMED**.

This the 3rd day of October, 2005.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**

3